**This order is SIGNED.**

**Dated: March 7, 2018**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

ar

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>BRETT TELFORD,<br><br>                          Debtor. | Bankruptcy Number: 16-26661<br><br>Chapter 7 |
| PEGGY HUNT, *Chapter 7 Trustee*<br><br>                    Plaintiff,<br>vs.<br><br>CITIBANK N.A., *as Trustee for Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates*<br><br>                    Defendant. | Adversary Proceeding No. 17-02120<br><br>Hon. Kevin R. Anderson |

### MEMORANDUM DECISION ON PLAINTIFF'S
### MOTION FOR ENTRY OF DEFAULT JUDGMENT

Peggy Hunt, the Chapter 7 Trustee and Plaintiff in the above-captioned adversary proceeding, seeks a default judgment against Citibank, N.A. declaring its trust deed to be invalid pursuant to Utah's statute of limitation found at UTAH CODE ANN. § 78B-2-309(2).[1]

---

[1] "An action may be brought within six years: . . . (2) upon any contract, obligation, or liability founded upon an instrument in writing."

The Court conducted a hearing on the Plaintiff's Motion for Entry of Default Judgment (hereinafter the "Motion") on December 19, 2017.[2] John J. Wiest appeared on the Plaintiff's behalf. Citibank did not appear or file a response to the Motion. Following the conclusion of Plaintiff's argument, the Court took the matter under advisement, reserving ruling pending additional briefing from the Plaintiff. The Plaintiff submitted a Supplemental Brief in Support of Motion for Default Judgment[3] on January 19, 2018. After carefully considering the Plaintiff's complaint, Motion, oral argument, and supplemental briefing, and after conducting its own independent research of applicable law, the Court hereby issues the following Memorandum Decision denying the Motion.

## I.    JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b) and 28 U.S.C. § 157(b). The Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) & (O), and the Court may enter a final order. Venue is appropriate in this district under 28 U.S.C. § 1408 & § 1409(a), and notice of this hearing was properly given to all parties in interest.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Brett Telford ("Debtor") filed a voluntary chapter 7 petition on July 30, 2016.[4] Debtor's Schedule A lists a one-half interest in real property located in Salt Lake County, Utah ("Property").[5] Schedule D lists a lien on the Property in the amount of $182,239 showing

---

[2] Dkt. No. 7. All future references to the docket will be to Adversary Proceeding No. 17-02120 unless otherwise noted.

[3] Dkt. No. 10.

[4] Dkt. No. 1, Case No. 16-26661.

[5] *Id.*

December 17, 2004 as the date the debt was incurred.[6] The Trustee reports that trust deed was assigned to Deutsche Bank National Trust Company, who recorded a Notice of Default on November 22, 2013.[7]

A title report to the Property indicates that on the same day that the Deutsche Bank trust deed was recorded, Citibank also recorded a trust deed against the Property to secure a debt in the amount of $44,700 (the "Trust Deed").[8] The Debtors report that they have never paid any money to Citibank, and that Citibank has never taken any collection action on its Trust Deed.[9]

On March 22, 2017, the Trustee filed a motion to sell the Property free and clear of liens under section 363(f).[10] The Trustee properly served notice of the motion, but Citibank did not respond. On April 24, 2017, the Court entered an order granting the motion to sell.[11] The Trustee closed the sale and is presently holding proceeds that cannot be further disbursed until there is a resolution as to the validity and amount of the debt secured by the Citibank Trust Deed.

The Trustee thus filed this adversary proceeding on October 10, 2017. The complaint seeks a declaratory judgment that the Citibank Trust Deed is "invalid" based on the applicable statute of limitations, and thus it does not attach to the Property's sale proceeds.[12] The Trustee filed an Affidavit and Declaration establishing that Citibank failed to respond to the Trustee's Summons,[13]

---

[6] *Id.*

[7] Dkt. No. 1, Complaint at ¶ 8.

[8] Dkt. No. 1, Complaint at ¶ 9.

[9] Dkt. No. 1, Complaint at ¶¶ 10 and 11.

[10] Dkt. No. 24, Case No. 16-26661.

[11] Dkt. No. 36, Case No. 16-26661.

[12] Dkt. No. 1, Complaint.

[13] Dkt. No. 4.

and the Clerk of the Court entered a Default Certificate against the Citibank on November 20, 2017.[14] The Trustee then filed the Motion for Entry of Default Judgment against Citibank.

## III.   ANALYSIS

Once the Clerk has entered the opposing party's default certificate, the moving party must then apply to the Court for entry of a default judgment.[15] Under Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."[16] Citibank did not file an answer to the complaint. Therefore, Plaintiff's well-pleaded allegations in the complaint are deemed admitted. Nevertheless, entry of a default judgment does not follow as a matter of course.

> [A] defendant's default does not in itself warrant the court in entering a default judgment. Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.[17]

Plaintiff's complaint alleges that the Trust Deed is invalid because the applicable statute of limitations for completing a non-judicial trustee's sale is expired. After review of the relevant case law and the uncontested facts in the complaint, the Court cannot determine if the statute of limitations has passed or even commenced.

**A.  The Court Lacks Sufficient Facts to Determine as a Matter of Law that the Statute of Limitations Has Passed as to the Citibank Trust Deed.**

---

[14] Dkt. No. 6.

[15] Fed. R. Civ. P. 55(b)(2), as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7055.

[16] Fed. R. Civ. P. 8(b)(6), as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7008.

[17] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted).

"For purposes of most bankruptcy proceedings, property interests are created and defined by state law."[18] Prior to May 10, 2016, the Utah statute dealing with the sale of property by a trustee provided:

> The trustee's sale of property under a trust deed shall be made, or an action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed.[19]

After May 10, 2016, the effective language now reads:

> A person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under *Section 57-1-24*.

Thus, the question is which "period prescribed by law" controls for the "commencement of an action on an obligation secured by a trust deed"? The Trustee references U.C.A. § 78B-2-309, which is the general six-year statute of limitation for actions "upon any contract, obligation, or liability founded upon an instrument in writing." But it is another statute that controls for notes and trust deeds.

In *Lewis v. Caliber Home Loans, Inc.*,[20] the borrowers under a note and trust deed brought an action for a declaratory judgment quieting title to their Utah residence based on the argument that the statute of limitations for foreclosing on their trust deed had expired. In addressing the question, Judge Kimball found that the Uniform Commercial Code ("UCC") statute of limitation in UTAH CODE ANN. § 70A-3-118(1) applies to a note and trust deed because its more specific

---

[18] *Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199, 1204 (10th Cir. 2010).

[19] U.C.A. § 57-1-34.

[20] *Lewis v. Caliber Home Loans, Inc.*, No. 2:16-cv-01252, 2018 U.S. Dist. LEXIS 8392 at *2 (D. Utah Jan. 18, 2018).

provisions control over those of § 78B-2-309.[21]   The UCC statute of limitation provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within **six years after the due date or dates stated in the note** or, if a due date is accelerated, within six years after the accelerated due date."[22]

Thus, it is the maturity date of the note, or its accelerated maturity date, that determines when the statute of limitation of commences. The fact that "the Debtors have not paid any money to the Defendant (Citibank) related to a debt," or that "Defendant has not attempted to collect this debt or enforce any interest in the Property since December 2004"[23] is not dispositive as to whether the statute of limitations has commenced under the note. As held in *Norton v. Wells Fargo*:

> There is no basis under the UCC statute of limitations for finding that the statute of limitations began to run with the first defaulted payment. The UCC statute of limitations clearly refers to the date of acceleration or the date of maturity. Six years have not run from either of those dates.[24]

In this case, there is no allegation that the note underlying the Trust Deed is accelerated, and without a copy of the note, the Court cannot determine its maturity date. Perhaps some information on this issue could be ascertained from the Trust Deed itself, but a copy was not attached as an exhibit to the complaint.

Thus, the facts alleged in the complaint are insufficient for the Court to determine as a matter of law if the statute of limitations has commenced, let alone expired. If the Court cannot

---

[21] *Id.* at *5; *see also Norton v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 45905 at *6 (D. Utah Mar. 28, 2017); *Van Leeuwen v. Bank of Am.*, 2015 U.S. Dist. LEXIS 129421 at *8-9 (D. Utah Sept. 24, 2015) (holding that UTAH CODE ANN. § 70A-3-118(1) applies to a note and trust deed).

[22] UTAH CODE ANN. § 70A-3-118(1) (emphasis added).

[23] Dkt. No. 1, Complaint at ¶ 10 and 11.

[24] *Norton v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 45905 at *8.

find that the statute of limitations has expired, there is no other basis in the complaint to invalidate

Citibank's Trust Deed.[25] Therefore, the Motion must be denied.

_____END OF DOCUMENT_____

---

[25] Even if the statute of limitations has expired, the Court has questions as to the consequences that flow therefrom and whether they go so far, without more, to invalidate a recorded trust deed. Clearly an expiration of the statute of limitations would bar a deficiency action against the obligors on the note after a non-judicial trustee's sale of the Trust Deed. However, the Court is not aware of a Utah case holding that a trust deed is invalid and must be removed as a lien of record against the real property if the statute of limitations of UTAH CODE ANN. § 70A-3-118(1) has expired on the underlying note. Indeed, it seems the cases have gone out of their way to avoid ruling on this discrete issue. *See e.g.*, *Lewis v. Caliber Home Loans*, 2018 U.S. Dist. LEXIS 8392 at *n.2 ("The court need not reach the issue briefed by the parties of what the remedy would be if the statute of limitations had run."). This Court will follow that prudent course.

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

John J. Wiest    wiest.john@dorsey.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

CitiBank N.A.
388 Greenwich
New York, NY 10013